**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DARNELL SENEGAL, Individually and on Behalf of Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-16-2113 |
| FAIRFIELD INDUSTRIES, INC. d/b/a FAIRFIELDNODAL | § § § | |
| Defendant. | § § | |

**FAIRFIELD'S MEMORANDUM IN OPPOSITION TO**
**SENEGAL'S MOTION FOR JUDGMENT ON THE PLEADINGS**
**AS TO SECTION 13(a)(12) SEAMAN EXEMPTION**

**STATEMENT OF THE CASE**

This is a case in which plaintiffs are claiming they were denied overtime pay in violation of Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. The case is currently proceeding as a collective action under 29 U.S.C. § 216(b). Darnell Senegal is the original named plaintiff.

Defendant Fairfield Industries Incorporated ("Fairfield") filed its original answer in this case in October 2016. (Doc. 52) Fairfield's records revealed that some of the plaintiffs who had already joined the case at that juncture had worked overseas on foreign-flag vessels during all or part of the relevant time period. Thus, in its original answer, Fairfield asserted, among other defenses, that "Plaintiff's claims for overtime are barred, in part, pursuant to 29 U.S.C. § 213(f)." (Doc. 52, p. 8, ¶ 3) Under 29 U.S.C. § 213(f), the minimum wage and overtime provisions of the FLSA do not apply to an employee:

> whose services during the workweek are performed in a workplace
> within a foreign country or within territory under the jurisdiction of

the United States other than the following: a State of the United
States; the District of Columbia; Puerto Rico; the Virgin Islands;
outer Continental Shelf lands . . . ; American Samoa; Guam; Wake
Island; Eniwetok Atoll; Kwajalein Atoll; and Johnston Island.

Consistent with its original answer, Fairfield has raised the defense based Section 13(f)
throughout these proceedings, including in its amended answer (Doc. 75, p. 8, ¶ 3),
Memorandum in Opposition to Senegal's Motion for Conditional Class Certification & Notice to
Potential Class Members (Doc. 63, p. 21), and Memorandum in Support of Motion for
Decertification (Doc. 207, p. 27).  Fairfield addressed the Section 13(f) defense most recently in
connection with the parties' summary judgment motions.  (Doc. 242)

In his Motion for Partial Summary Judgment, Senegal sought dismissal of Fairfield's
defense based on the Section 13(f) foreign workplace exemption on the ground that the
exemption applies only to work performed on foreign land, and not foreign vessels in foreign
waters.  (Doc. 185, pp. 46-48)  In response, Fairfield clearly articulated the reasons why Section
13(f) applies to all foreign work, whether aboard a foreign-flag vessel or on foreign land.  (Doc.
242, pp. 41-43)  Aside from the Section 13(f) exemption, Fairfield also explained that the well-
established presumption against extraterritorial application of U.S. statutes dictates that the
FLSA is inapplicable to work performed by employees on a foreign-flag vessel in foreign waters.
*See, e.g., Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 440-41 (1989)
("[L]egislation of Congress, unless contrary intent appears, is meant to apply only within the
territorial jurisdiction of the United States.").

On November 21, 2018, this Court issued its Memorandum Opinion ("Opinion")
denying, in part, and granting, in part, Senegal's Motion for Partial Summary Judgment.[1]  (Doc.
274)  Specifically, this Court granted Senegal's Motion for Partial Summary Judgment with

---

[1] In the Opinion, the Court also denied, in part, and granted, in part, Fairfield's Motion for Summary
Judgment (Doc. 191) and denied its Motion for Decertification (Doc. 207).

respect to plaintiffs who worked on American vessels, but denied his motion "with respect to any Plaintiffs who worked aboard non-American flagged vessels." (Doc. 274, p. 20)  In support, this Court discussed *Kaluom v. Stolt Offshore, Inc.,* 474 F.Supp.2d 866, 874 (S.D. Tex. 2007), which involved the applicability of Section 13(f) to seamen working on an American-flag vessel operating in the Gulf of Mexico.  According to *Kaluom,* U.S.-flag vessels are not exempt from the provisions of the FLSA based on Section 13(f) simply because "vessels" are not specifically delineated as a covered territory.  Instead, a "better interpretation" of Section 13(f) is that it includes the list of covered territories, "[p]lus any additional locations that are **expressly identified as covered elsewhere** in the FLSA (such as the area on an **American vessel**).[2]" *Kaluom,* 474 F.Supp.2d at 880 (emphasis added and in original) (citation and internal quotations omitted).  This Court found *Kaluom's* reasoning "persuasive" as to FLSA coverage for plaintiffs who worked on American vessels.

However, this Court rejected Senegal's position that Section 13(f) does not apply to vessels at all, stating that "**any Plaintiffs** who worked aboard non-American flagged vessels are expressly exempted from the FLSA's minimum wage and maximum hours requirements." (Doc. 274, p. 20 (emphasis added))  This Court did not, as Senegal claims in his Motion, hold that the foreign exemption did not "apply to seaman **[or]** vessels at all." (Doc. 276, p. 2 (emphasis added))  Instead, this Court quoted a portion of the decision in *Kaluom* to the effect that Section 13(f) did not "apply to seamen **and** vessels." (Doc. 276, p. 20 (emphasis added) (quoting *Kaluom,* 474 F.Supp.2d at 880)).  Senegal's replacement of "and" with "or" in his motion drastically expands the scope of the statement in *Kaluom* and is insupportable.

A plaintiff must be both a seaman **and** working on a vessel in order to fall outside the scope of Section 13(f).  It is not enough to be a non-seaman working on a vessel.  This makes

---

[2] An American vessel is recognized as a covered location via 29 U.SC. § 213(a)(12).

sense because another provision of the FLSA already addresses exemptions with respect to seaman **and** vessels. *See* 29 U.SC. § 213(a)(12) (exempting "any employee employed as a seaman on a vessel other than an American vessel" from the FLSA minimum wage and maximum hour requirements).

On February 1, 2019, over two months after the Court issued its Opinion, Senegal filed the instant Motion for Judgment on the Pleadings as to Section 13(a)(12) Seaman Exemption ("Motion") in which he contends that the Court's decision was based on 29 U.S.C. § 213(a)(12), and not 29 U.S.C. § 213(f). Senegal then argues that, since Fairfield never raised Section 13(a)(12) as an affirmative defense, Fairfield cannot rely on such defense.

Senegal's Motion is not only untimely, it is meritless and should be denied.

## LAW AND ARGUMENT

### I.    Senegal's Motion Is Untimely.

Pursuant to the Rule 16 Scheduling Order issued in this case, the deadline for filing **"DISPOSITIVE MOTIONS and ALL OTHER PRETRIAL MOTIONS"** except for motions in limine was originally March 30, 2018. (Doc. 173) At the March 7, 2018 hearing on Fairfield's Motion to Compel, the Court approved the parties' proposal to extend the motion deadline to May 4, 2018 in light of the additional time given to certain plaintiffs to provide responses to Fairfield's written discovery requests. (*See* Doc. 183)[3]

Senegal filed the instant Motion on February 1, 2019, over nine months after the motion deadline set by this Court. Senegal did not request an extension of the motion deadline prior to

---

[3] While the Docket Entry concerning the hearing on Fairfield's Motion to Compel does not reflect the extended motion deadline, the parties recognize that May 4, 2018 was the applicable motion deadline as set at the March 7, 2018 hearing. Both parties filed dispositive motions and Fairfield filed its Motion for Decertification after March 30, 2018 and there were no objections as to timeliness with respect to any of the filings.

filing his Motion.  Nor did he seek leave of Court to file the Motion beyond the May 4, 2018 motion deadline.  His Motion is clearly untimely.

Fairfield anticipates that Senegal will contend that his Motion is nevertheless timely under Rule 12(c) of the Federal Rules of Civil Procedure, which states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  However, it is well-settled that a motion under Rule 12(c) is subject to the deadlines established by the court.  A plaintiff cannot disregard court-imposed deadlines on the ground that his belated Rule 12(c) motion will not delay trial.  Indeed, motions filed under Rule 12(c) have been denied as untimely when filed after deadlines set by the court.  *See Am. Zurich Ins. Co. v. Guilbeaux,* 2018 U.S. Dist. LEXIS 58113, *2-4 (S.D. Miss. Apr. 5, 2018) (striking as untimely plaintiffs' motion for judgment on pleadings filed approximately two and a half months after motion deadline); *Dewan v. M-I, L.L.C.,* 2016 U.S. Dist. LEXIS 20873, *57, 60-62 (S.D. Tex. Feb. 22, 2016) (denying plaintiffs' motion for judgment on pleadings filed approximately six weeks after dispositive motion deadline on ground that motion was, *inter alia,* untimely); *Sea-Land Services, Inc. v. D.I.C., Inc.,* 102 F.R.D. 252, 253-54 (S.D. Tex. 1984) (denying as untimely plaintiff's motion for judgment on pleadings filed nearly seven months after motion cut-off date).  Likewise, Senegal's Motion in this case should be denied as untimely.

## II.  The Foreign Exemption Relied Upon by Fairfield Is Based on Section 13(f) and Not Section 13(a)(12).

Even if Senegal's Motion were timely, it should still be denied.  In his Motion, Senegal seeks to preclude Fairfield from relying upon the exemption found in 29 U.S.C. § 213(a)(12), which exempts "any employee employed as a **seaman** on a vessel other than an American vessel" from the FLSA minimum wage and maximum hour requirements.  (emphasis added). Fairfield is not currently contending nor has it ever previously contended in this case that any of

the plaintiffs are exempt from the minimum wage and overtime requirements of the FLSA based on Section 13(a)(12). Instead, as mentioned above, Fairfield has always relied upon only Section 13(f) in arguing that plaintiffs who worked on foreign-flag vessels during the relevant time period have no claims for overtime.

Indeed, it makes no sense for Fairfield to assert Section 13(a)(12) as a defense to plaintiffs' claims in this case because plaintiffs only claim that they were denied overtime pay. They do not claim that Fairfield failed to pay them minimum wages. Thus, with respect to the plaintiffs who worked as seamen during all or part of the relevant time period, it was only necessary for Fairfield to assert a defense based on 29 U.S.C. § 213(b)(6), which exempts seamen from the FLSA's maximum hour requirement and, correspondingly, overtime. Section 13(a)(12) merely expands the exemption to include minimum wage with respect to seamen working on non-American vessels and is immaterial to plaintiffs' overtime claims in this case.

Senegal's Motion is merely an effort to take advantage of what is clearly a clerical error in the Court's Opinion. In particular, in holding that "any Plaintiffs who worked aboard non-American flagged vessels are expressly exempted from the FLSA's minimum wage and maximum hours requirements," the Opinion mistakenly cites to 29 U.S.C. § 213(a)(12), instead of 29 U.S.C. § 213(f). The statements and reasoning in the Opinion leave no doubt that the reference to Section 13(a)(12) was an error, and that the Court did not intend to limit its decision with respect to the foreign exemption to **seamen** who worked on non-American vessels.

Earlier in its Opinion, the Court addressed the seaman exemption raised by Fairfield under 29 U.S.C. § 213(b)(6). In denying Senegal's Motion for Partial Summary Judgment with respect to this exemption, the Court recognized that Fairfield "supports with appropriate evidence" that two plaintiffs, Michael Barnhill and Amos Payton, worked in "marine crew

positions, . . . which qualifies for the seamen exemption defense, during the relevant time periods." (Doc. 274, p. 17)  Accordingly, the Court held that "the seamen exemption defense survives summary judgment, but only as to Michael Barnhill and Amos Payton." (Doc. 274, pp. 17-18)

If the Court intended to refer to Section 13(a)(12), which applies only to seamen, when addressing the foreign exemption, then it would have limited the foreign exemption defense to Barnhill and Payton, the only remaining seamen in the case at that time.  It did not do so.  In addressing the foreign exemption, the Court stated that "**any Plaintiffs** who worked aboard non-American flagged vessels are expressly exempted from the FLSA's minimum wage and maximum hours requirements." (Doc. 274, p. 20 (emphasis))  Consistent with its statement, the Court cited evidence presented by Fairfield that "some **Plaintiffs** may have worked aboard non-American vessels for some or all of the relevant period." (Doc. 274, p. 20 & n.60 (emphasis added))  Barnhill and Payton were not included among these plaintiffs.  Instead, these plaintiffs included Brad Lyles, Neal Estay, Gerald Price and Nicholas Bradford, none of whom were seamen during the relevant time period.  (Doc. 274, p. 20 n.60)

The Court's Opinion could not be more clear- **any plaintiff** who worked on a foreign-flag vessel in foreign territories during the relevant time period is exempt from overtime and minimum wage based on the foreign exemption.  Not only is the Court's Opinion clear – it is correct.  Indeed, a decision issued in October 2018, after the briefing was complete on the parties' summary judgment motions in this case, confirms the correctness of the Court's ruling on this issue.  In particular, in *Goodly v. Check-6, Inc.,* 2018 U.S. Dist. LEXIS 183911 (N.D. Okla. Oct. 26, 2018), the Court held that plaintiffs who were not seamen and who worked on

foreign-flagged rigs outside U.S. territorial waters and the Gulf of Mexico were not entitled to overtime compensation based on, *inter alia,* Section 13(f):

> The court holds that the FLSA's overtime requirements do not apply to workweeks in which the plaintiffs performed all work exclusively aboard foreign-flagged vessels outside U.S. territorial waters and outside the Gulf of Mexico. Such work falls either within the foreign workplace exemption pursuant to 29 U.S.C. § 213(f) or within the presumption against extraterritorial application.

*Goodly,* 2018 U.S. Dist. LEXIS 183911, *13 (citation omitted).

## CONCLUSION

In summary, Senegal's Motion for Judgment on the Pleadings as to Section 13(a)(12) Seaman Exemption should be denied. First, the Motion is untimely. Second, Fairfield is not asserting and has never asserted Section 13(a)(12) as a defense in this case. Nor was this Court's ruling on the foreign defense based on Section 13(a)(12). Instead, consistent with the defense asserted by Fairfield throughout these proceedings and argued by the parties in their various motions, the Court's Opinion reveals that its ruling was based on Section 13(f).

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY   */s/ Jessica C. Huffman*
     Thomas H. Kiggans
     Attorney-in-Charge
     Texas Bar No. 11393450
     Southern District Adm. No. 116
     Jessica C. Huffman (admitted *Pro Hac Vice*)
     Louisiana Bar No. 30445
     II City Plaza | 400 Convention Street, Suite 1100
     Baton Rouge, Louisiana 70802-5618
     Post Office Box 4412
     Baton Rouge, Louisiana 70821-4412
     Telephone: 225-346-0285
     Telecopier: 225-381-9197
     Email:  kigganst@phelps.com
             huffmanj@phelps.com

-AND-

Reed L. Russell (admitted *Pro Hac Vice*)
Florida Bar No. 0184860
Phelps Dunbar LLP
100 South Ashley Drive, Suite 1900
Tampa, FL  33602
Telephone: (813) 472-7550
Fax:  (813) 472-7570
Email: reed.russell@phelps.com

ATTORNEYS FOR DEFENDANT, FAIRFIELD
INDUSTRIES INCORPORATED


## CERTIFICATE OF SERVICE

I do hereby certify that on February 22, 2019 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Jessica C. Huffman*
COUNSEL FOR DEFENDANT