IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARNELL SENEGAL, individually and on behalf of others similarly situated | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2113 |
| FAIRFIELD INDUSTRIES, INC., d/b/a FAIRFIELD NODAL, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Pending before the court[1] is Plaintiff's Motion for Judgment on the Pleadings as to Section 13(a)(12) Seaman Exemption (Doc. 276). The court has considered the motion, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** the motion in part and **DENIES** it in part.

Plaintiff filed this action against Defendant under the Fair Labor Standards Act[2] ("FLSA").[3] Plaintiff alleges that Defendant violated the FLSA by failing to pay Plaintiff and other similarly situated employees (collectively "Plaintiffs") their statutorily

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. See Doc. 46, Ord. Dated Sept. 27, 2016.

[2] See 29 U.S.C. §§ 201-219.

[3] See Doc. 41, Pl.'s 1st Am. Compl.

required overtime pay.[4]  A lengthier discussion of the case's background can be found in the court's November 21, 2018 Memorandum Opinion.[5]

In the present motion, Plaintiffs seek to prevent Defendant from using the exemption to the FLSA's coverage found in 29 U.S.C. 213(a)(12) ("Section 213(a)(12)").  Section 213(a)(12) provides that "any employee employed as a seaman on a vessel other than an American vessel" is exempt from coverage under the FLSA.  Id.

Defendant has represented to the court that it is not relying on a defense under Section 213(a)(12).[6]  Accordingly, at trial, Defendant may not rely on a Section 213(a)(12) defense.  However, the parties' pleadings have indicated that the real issue is not Section 213(a)(12), but rather the court's holding regarding 29 U.S.C. § 213(f)("Section 213(f)").[7]  Thus, the court will clarify its November 21, 2018 Memorandum Opinion as it pertains to Section 213(f).

Pursuant to Section 213(f), the FLSA does not apply "to any employee whose services during the workweek are performed in a workplace within a foreign country or within territory under the

---

[4] See id.

[5] See Doc. 274, Nov. 21, 2018 Mem. Op.

[6] See Doc. 277 Def.'s Resp. to Pl.'s Mot. for J. on the Pleadings pp. 5-6.

[7] See Doc. 274, Nov. 21, 2018 Mem. Op. pp. 19-20.

jurisdiction of the United States . . . ."[8]  At the summary judgment stage, it was Defendant's position that Section 213(f) exempts any plaintiff from the FLSA who worked on a vessel overseas regardless of whether the vessel was American or foreign-flagged.[9] It was Plaintiff's position that Section 213(f) does not apply to work aboard vessels at all.[10]

In its Memorandum Opinion, the court found the reasoning in Kaluom v. Stolt Offshore, Inc. persuasive. 474 F. Supp. 2d 866 (S.D. Tex. 2007). The Kaluom court held that Section 213(f) does not apply to vessels or seamen, but rather, applies to specific geographic locations. See id. at 879-880. The court agrees with this holding. Thus, Section 213(f) does not apply to the plaintiffs in the present action because they worked aboard vessels. However, this does not mean, as Plaintiffs argue, that the Plaintiffs are automatically covered by the FLSA just because they worked aboard vessels.

Under the presumption against extraterritorial application, it is well settled that "[a]bsent clearly expressed congressional intent to the contrary, federal laws will be construed to have only

---

[8] The following U.S. territories are an exception: "a State of the United States; the District of Columbia; Puerto Rico; the Virgin Islands; outer Continental Shelf lands defined in the Outer Continental Shelf Lands Act (ch. 345, 67 Stat. 462) [43 U.S.C. 1331 et seq.]; American Samoa; Guam; Wake Island; Eniwetok Atoll; Kwajalein Atoll; and Johnston Island." 29 U.S.C. § 213(f).

[9] See Doc. 242, Def.'s Resp. to Pl.'s Mot. for Summ. J. pp. 33-35.

[10] See Doc. 185, Pl.'s Mot. for Partial Summ. J. pp. 34-35.

3

domestic application." RJR Nabisco, Inc. v. European Cmty., 136 S. Ct. 2090, 2100 (2016).

Defendant has presented evidence that some Plaintiffs may have worked aboard foreign-flagged vessels in foreign waters for some or all of the relevant period.[11] To apply the FLSA to Plaintiffs during periods where they worked on foreign-flagged vessels in foreign waters would be to apply the FLSA non-domestically. The FLSA is devoid of any congressional intent that it be applied to workers aboard foreign-flagged vessels in foreign waters.

Thus, while Defendant is precluded from arguing that Plaintiffs are exempt from the FLSA under Section 213(f), Plaintiffs still must prove that they are covered by the FLSA. For any workweek where a Plaintiff worked exclusively aboard a foreign-flagged vessel in foreign waters, that Plaintiff is not covered by the FLSA for that workweek. See Goodly v. Check-6, Inc., Civ. Act. No. 16-CV-334-GKF-JFJ, 2018 WL 5316356, at *4-5 (N.D. Okla. Oct. 26, 2018)(holding that the FLSA did not "apply to workweeks in which the plaintiffs performed all work exclusively aboard foreign-flagged vessels outside U.S. territorial waters and outside the Gulf of Mexico").

For the reasons set out above Plaintiff's motion is **GRANTED** in

---

[11] See Doc. 252, Ex. 14 to Def.'s Resp. to Pl.'s Mot. for Partial Summ. J., Brad Lyles Dep. pp. 57-58; Doc. 251, Ex. 13 to Def.'s Resp. to Pl.'s Mot. for Partial Summ. J., Neal Estay Dep. pp. 95-96; Doc. 253, Ex. 17 to Def.'s Resp. to Pl.'s Mot. for Partial Summ. J., Gerald Price Dep. pp. 36-37; Doc. 250, Ex. 8 to Def.'s Resp. to Pl.'s Mot. for Partial Summ. J., Nicholas Bradford Dep. p. 48.

part and **DENIED** in part.

**SIGNED** in Houston, Texas, this 26th day of April, 2019.

_____
U.S. MAGISTRATE JUDGE